[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10700
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-10018-KMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO ARMANDO CANCINO-MENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 10, 2019)

Before TJOFLAT, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Diego Armando Cancino-Mendez pled guilty to conspiracy to possess, with intent to distribute, five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70506(b) and 70503(a)(1),[1] and the district court sentenced to 135-months' imprisonment, a sentence at the low end of the Guidelines sentence range of 135-168 months.  He appeals his sentence, arguing that it is substantively unreasonable; the court should have varied downward based on mitigating factors, including his role in the offense and his history and characteristics.  We affirm.

We review Cancino-Mendez's sentence for abuse of discretion.  *Gall v. United States,* 552 U.S. 38, 41 (2007).  A sentence under the Guidelines must be "sufficient, but not greater than necessary to comply with the purposes" of sentencing listed in 18 U.S.C. § 3553(a).  They include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The court also considers the nature and circumstances of the offense and the history and characteristics of the defendant.

---

[1] Cancino-Mendez was aboard a go-fast boat on the high seas 87 nautical miles from the Mexico/Guatemala boarder.  The boat was carrying bales of cocaine.  The U.S. Coast Guard intercepted the boat and took Cancino-Mendez and others into custody.

The weight to be given to these factors is committed to the court's sound discretion.  *United States v. Clay,* 483 F.3d 739, 743 (11th Cir. 2007).

The district court did not abuse its discretion in this case.  It carefully considered the § 3553(a) purposes of sentences---in particular, the need of the sentence to deter criminal conduct and reflect the seriousness of the conspiracy offense---and the mitigating circumstances Cancino-Mendez presented.  It then imposed a sentence at the low end of the Guidelines sentence range and well below the maximum penalty provided by statute.

**AFFIRMED.**